Surviving Partner, etc., Respondent, and Clayton G. Landis and Others, Appellants.— Motion granted to resettle order entered herein on March 9, 1910.

Porter J. Willson, Appellant, v. Faxon, Williams and Faxon, Respondent.— Motion for leave to appeal to Court of Appeals denied, with ten dollars costs.

## SECOND DEPARTMENT, MAY, 1910.

### LENA KRATENSTEIN v. LENA WEISS.

*Real property — sale — when no breach of covenant of seizin.*

Appeal from a judgment of the Supreme Court, entered in the Kings county clerk's office January 31, 1910.

Judgment affirmed, with costs, on the opinion of Mr. Justice Marean at Special Term. Woodward, Jenks, Burr, Rich and Carr, JJ., concurred.

The following is the opinion delivered at Special Term:

MAREAN, J.: Under the will in question the title subject to the widow's rights vested in the children, share and share alike, subject to be defeated as to each by his death before the widow and to then vest in his heirs in his stead. The widow is still living and has not married and the children are all living. The widow and the children have conveyed, and the title thus made was conveyed by defendant to plaintiff. There is no fraud alleged and no mutual mistake and no proof of either. There is, therefore, no ground for rescission. There is no total failure of consideration. The whole fee is at present vested in the plaintiff subject to be divested as above stated upon the happening of certain contingencies, which may never happen. The plaintiff is in undisturbed possession at present. No estate whatever is vested in any person adverse to the plaintiff. Plaintiff has no remedy except upon the covenants in the deed; none of them have been broken. If the covenant of seizin were broken the damages at present are nominal only. But the action is not framed for a recovery of damages for breach of covenants and plaintiff has no ground for equitable relief. Judgment for defendant, with costs.